IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN ROBERT DEMOS, | ) | 8:14CV125 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| THE U.S. CONGRESS, and PATTY MURRAY, | ) ) | |
| | ) | |
| Defendants. | ) | |

    This matter is before the court on its own motion. Plaintiff John Robert Demos ("Demos" or "Plaintiff") filed a Complaint in this court on April 17, 2014, without payment of the court's filing and administrative fees. As set forth in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot:

> [B]ring a civil action [in forma pauperis] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

28 U.S.C. §1915(g) (emphasis added).

    Demos is a frequent filer, having filed over 134 civil rights lawsuits throughout the United States. Demos, while incarcerated, has had three or more prior civil actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted:

> *See Demos v. Census Bureau*, No. 96–CV–1823 (D.D.C. Aug. 5, 1996) (failure to state a claim and frivolous; plaintiff also failed to comply with May 16, 1994 order of J. Harris requiring that he seek leave of

district court before filing any new civil action); *Demos v. Internal Revenue Bureau*, No. 96–CV–1822 (D.D.C. Aug. 5, 1996) (same as above); *Demos v. Skurka*, No. 96–CV–2267 (D.D.C. Sept. 30, 1996) (dismissed because plaintiff already had three strikes and tried to proceed in forma pauperis); *Demos v. Upjohn Co., et al.*, No. 96–CV–743 (W.D.Mich. Oct. 8, 1996) (dismissed as frivolous); *see also Demos v. Storrie*, 507 U.S. 290, 113 S.Ct. 1231, 122 L.Ed.2d 636 (1993) (noting Mr. Demos' continued course of abusive filings and directing the clerks to reject all future petitions in civil cases unless Mr. Demos paid the filing fee and complied with the Court's printing requirements); *Demos v. United States Dist. Ct. for the E. Dist. of Wash.*, 925 F.2d 1160, 1167 (9th Cir. 1991) ("Demos is a prolific litigant ... [w]e hold that he has abused the privilege of filing petitions in forma pauperis in this court."); *Demos v. Kincheloe*, 563 F.Supp. 30, 31 (E.D.Wash.1982) (entering a prefiling order against Mr. Demos because "each and every complaint [filed by Mr. Demos was] frivolous, malicious, repetitive, de minimis, wholly insubstantial, or insufficient to invest the court with subject matter jurisdiction").

*Demos v. Keating*, 33 Fed.Appx. 918, 920 n.1 (10th Cir. 2002).

On the court's own motion, Plaintiff has 30 days from the date of this Memorandum and Order to show cause why he is entitled to proceed in forma pauperis pursuant to 28 U.S.C. §1915(g). Alternatively, Plaintiff may pay the court's $400.00 filing and administrative fees within 30 days. In the absence of good cause shown or the payment of the court's fees, Plaintiff's Complaint and this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff has 30 days from the date of this Memorandum and Order to either show cause why he is entitled to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) or pay the $400.00 filing and administrative fees. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

2.     The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: July 18, 2014: Deadline for Plaintiff to show cause or pay fees.

DATED this 18th day of June, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.